[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-14248

_____

D. C. Docket No. 05-00121-CV-FTM-33-DNF

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 10, 2007
THOMAS K. KAHN
CLERK

ARTHREX, INC.,
ALLOGRAFT TISSUE SYSTEMS, INC.,
A Delaware corporation, f.k.a. Anthrex
Tissue Systems, Inc.,

Plaintiffs-Appellants,

versus

ORTHOGEN AKTIENGESELLSCHAFT,
a German corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 10, 2007)**

Before ANDERSON and PRYOR, Circuit Judges, and ALBRITTON,* District
Judge.

_____

*Honorable W. Harold Albritton, III, United States District Judge for the Middle District
of Alabama, sitting by designation.

PER CURIAM:

After oral argument and careful consideration, we conclude that the judgment of the district court (dismissing this case for lack of venue) is due to be affirmed. First, we conclude that the conduct of defendant, including its e-mail correspondence in 2004, gave rise to no contract rights for plaintiffs to distribute defendant's product independent of the 2001 exclusive distribution agreement. Second, it follows from our first conclusion that the only arguable distribution rights that plaintiffs have asserted are rights which are based on the 2001 exclusive distribution agreement. Thus, we conclude that all claims that plaintiffs have asserted in the instant case are based upon, and derived from, the 2001 exclusive distribution agreement. As an equitable matter, it is clear to us that plaintiffs cannot simultaneously claim benefits under the 2001 exclusive distribution agreement, but yet disavow the applicability of the forum selection clause contained therein. In other words, plaintiffs are equitably estopped from any attempt to avoid the obligations of the 2001 exclusive distribution agreement, including its forum selection clause. Becker v. Davis, 491 F.3d 1292 (11th Cir. 2007). Under that forum selection clause, it is clear that the district court lacked

venue.[1]

With respect to plaintiffs' argument that defendant cannot enforce the forum selection clause, because it is not a signatory to the 2001 agreement, we note that defendant's subsidiary, Orthogen International, signed the agreement. We also note that plaintiffs have alleged, and thus have admitted, that defendant, the parent, completely controlled its subsidiary and blessed its action in signing the agreement. Thus, plaintiffs have admitted that the subsidiary signed the agreement as plaintiffs' agent. Moreover, we note that the agreement which forms the basis of plaintiffs' claims provides that Orthogen International, which signed the agreement on behalf of defendant, "shall be deemed to include all affiliates ... and related entities." Thus, we readily conclude that defendant can enforce the forum selection clause.

Accordingly, the judgment of the district court is

AFFIRMED.[2]

---

[1] Alternatively, we conclude that plaintiffs are bound by the 2001 agreement, including its forum selection clause, pursuant to agency principles. Plaintiffs have alleged, and thus have admitted, that its subsidiary (which signed the 2001 agreement) acted as plaintiffs' agent in doing so.

[2] The district court did not abuse its discretion in denying reconsideration. Plaintiffs' new evidence was not previously unavailable. Alternatively, plaintiffs' argument with respect to this matter in its initial brief on appeal is so conclusory as not to warrant entertainment, and certainly does not persuade us that plaintiffs' argument on reconsideration was persuasive.